William C. Conkle (SB# 76103)
*w.conkle@conklelaw.com*
Mark C. Riedel (SB# 129205)
*m.riedel@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Plaintiff Moroccanoil, Inc.

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation, E & M ESR, INC., a New York corporation, NEW YORK VALUE CLUB, LTD., a New York corporation and DOES 1 through 10 Inclusive,<br><br>Defendants. | CASE No. CV10-02043 DMG (AGRx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCLOSURES<br><br>Assigned to: Honorable Dolly M. Gee<br>Courtroom: 7 |

2522.017\9987
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCLOSURES

1  The Court recognizes that at least some of the material and information being
2  sought through discovery in the above-captioned action (including material and
3  information being sought or obtained from any third party or non-party) are, for
4  competitive reasons, normally kept confidential by the parties. The materials to be
5  exchanged throughout the course of the litigation between the parties (including any
6  third party or non-party from whom discovery is sought) may contain trade secret or
7  other confidential research, technical, cost, price, marketing or other commercial
8  information, as is contemplated by Federal Rule of Civil Procedure 26(c). The
9  purpose of this Protective Order ("Order") is to protect the confidentiality of such
10 materials as much as practical during the litigation. The parties have agreed to be
11 bound by the terms of the following Order in this action.
12
13 THEREFORE THE COURT ORDERS AS FOLLOWS:
14
15 1.  Definitions.
16 Except as otherwise defined in this Order, the following definitions shall
17 apply to this Order:
18 a.  "Discovery Material" as used herein shall mean all material or
19 information in whatever form, such as oral, written, documentary, testimony,
20 tangible, intangible, electronic, or digitized, now or hereafter, that is produced in
21 this matter, including material or information produced by non-parties, *if they so request* [AGR]
22 b.  "Disclosing Party" as used herein shall mean a party or non-party that
23 produces Discovery Material in this action.
24 c.  "Receiving Party" as used herein shall mean a party that receives
25 Discovery Material from a Disclosing Party.
26 d.  "Confidential Information" as used herein shall apply to Discovery
27 Material that contains proprietary business or personal information of a party (or of
28

2522.017\9987

-1-

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCLOSURES

a third person whose information the party is under a duty to maintain in confidence). By way of example, such Confidential Information defined herein may include, but shall not be limited to: technical, research or development material; commercial, financial, or accounting data; manufacturing sources or methods; existing or potential sales figures, sales leads and prospects; data concerning brokers, distributors, sales agents, representatives, customers and personnel; and any other information reasonably believed by the producing party to be non-public, proprietary or confidential or which, if available to a competitor of the producing party or a nonparty, could be used to a competitive advantage. Discovery Material containing Confidential Information may be designated "CONFIDENTIAL", as set forth in Paragraph 2.

  e. "Attorneys' Eyes Only Information" as used herein shall apply only to the most sensitive confidential and proprietary business information, that by its nature would be immediately and irreparably harmful if disclosed to non-attorney employees of the parties, including, without limitation, (i) trade secrets of a technical nature, such as product formulas (ii) competitively sensitive business information and plans, such as current and future marketing, financial and pricing plans; proprietary market research as to authentic Moroccanoil® products, sales, profits and profit margins, cost of goods, raw materials and ingredients (iii) private information of employees and individuals, such as Social Security numbers and personal income, Discovery Material containing Attorneys' Eyes Only Information may be designated "ATTORNEYS' EYES ONLY", as set forth in Paragraph 2.

  f. "Protected Material" as used herein shall mean Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2. Designations.

  a. All efforts by any party or witness (including any third party or non-party witness, *if they so request*) in this matter to designate any Discovery Material as

<sub>except that nothing in this order restricts any party or third party from using or disclosing its own Protected Material.</sub>

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be governed by the terms of this Order. Each party that designates Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall make such designations in good faith and shall exercise restraint and take care to limit such designations to specific Discovery Material that qualifies as Confidential Information or Attorneys' Eyes Only Information hereunder. Protected Material shall only be used solely in connection with the above-captioned matter. A Disclosing Party may designate Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order from a third party or non-party from whom discovery is sought. By receiving any Protected Material, the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such Protected Material and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such Protected Material.

    b.     No item shall qualify to be protected as Confidential Information or Attorneys' Eyes Only Information if it is disclosed in media generally, available to the public or business community by reason of dissemination by one having the unrestricted right to do so or is generally known throughout the public or business community.

    c.     For the avoidance of doubt, the confidentiality obligations of this Order shall not apply to information that:

        (i)     is lawfully acquired by the Receiving Party, before disclosure hereunder, from a third-party with no obligation of confidentiality;

        (ii)    the Receiving Party is able to prove, by a preponderance of the evidence, that it was in lawful possession of the Confidential Information or Attorneys' Eyes Only Information prior to disclosure of such information from the Disclosing Party;

    (iii) at the time of disclosure hereunder, the Confidential Information or Attorneys' Eyes Only Information was or subsequently becomes a public document or matter of public knowledge, through no fault of the Receiving Party or any party under an obligation of confidentiality;

    (iv) is acquired by subpoena or order of any court, tribunal, governmental administrative or quasi-administrative agency, and was done so without any order of confidentiality or similar agreement; or

    (v) is independently developed by the Receiving Party and entirely based on, comprised of, and otherwise using solely publicly available information.

  d. All Protected Material produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information) during the course of this matter shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Order, prior to disclosure, by use of a reasonably conspicuous and prominent notice. Examples of such suitable designation would be the prominent display of a stamped legend on the first page of a subject document, or on a tag affixed to a tangible thing, that states, in form or in substance: "CONFIDENTIAL - ACCESS LIMITED BY PROTECTIVE ORDER" (the "Legend"). Designating a multi-page document with the Legend on the first page only shall be sufficient to make the entire document subject to that designation.

  e. All documents, testimony, and things that are designated pursuant to this Order as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at any level shall be so designated at a time prior to disclosure as follows:

    (vi) for documents and things produced, this means prior to delivery;

    (vii) for deposition, ~~hearing or trial~~ testimony, this means prior to the

[handwritten margin note next to line 25: AGR]

giving of the answer on the record by the party or nonparty deponent or witness, to the extent reasonably possible. Notwithstanding anything to the contrary herein:

(A) Deposition testimony may be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" during the deposition, as the Disclosing Party may direct, and the transcript of the designated testimony shall be transcribed on separate pages and so marked by the reporter. A Disclosing Party also may so designate portions of the deposition after the transcription is produced and shall have twenty (20) days after receipt of such deposition transcript to advise the Receiving Party, in writing, of the portions of the deposition transcript that are to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", whichever the case may be, after which period the right to make such designations shall be waived. Accordingly, deposition transcripts shall automatically be treated as "ATTORNEYS' EYES ONLY" during the twenty (20)-day period following receipt of the deposition transcript.

(B) The Disclosing Party may exclude any person from a deposition, other than those to whom Confidential Information or Attorneys' Eyes Only Information may be disclosed pursuant to Paragraph 9 of this Order. Failure of such person(s) to comply with the request hereunder shall constitute substantial justification for counsel to advise the witness to refrain from answering the question seeking to reveal Confidential Information or Attorneys' Eyes Only Information; and

AGR

(viii) for documents and things marked as exhibits or offered into evidence at deposition, ~~hearing or trial~~ this means prior to or contemporaneously with reference on the record to the document or thing or the offering of it into evidence, to the extent reasonably possible.

3. <u>Inadvertent Failure to Designate and Belated Designation of Confidential Information or Attorneys' Eyes Only Information</u>. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" or Attorneys' Eyes Only Information as "ATTORNEYS' EYES ONLY" under this Order prior to or at the time of its production or disclosure shall not operate as a waiver of a Disclosing Party's right to designate such Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The Disclosing Party may belatedly designate any such Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by writing to the Receiving Party. However, such belated designation shall be without prejudice to the Receiving Party or any other person or entity not a party to this action who may have previously received the disclosure without notice of its confidentiality. Thereafter, the Receiving Party shall fully comply with this Order to the extent reasonably possible.

4. <u>Declassification</u>. In the event that a party disagrees with or challenges the grounds or basis for the designation of any Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", such party shall nevertheless treat and protect the same in accordance with this Order until and unless all parties shall have agreed in writing to different treatment, or an order of this Court shall have been entered and becomes enforceable, which provides that such challenged Protected Material may be used or disclosed in a manner different than that specified in this Order.

5. <u>Compelled Disclosure: Subpoena.</u> In the event the Receiving Party becomes legally compelled or otherwise legally obligated to disclose Protected Material, or any portion thereof, (a) pursuant to subpoena or other court process; (b) at the express direction of any authorized government agency having jurisdiction; or (c) as otherwise required by law, the Receiving Party will promptly provide to the Disclosing Party notice thereof, including a copy of the subpoena, process and other documents requesting such Protected Material, and shall cooperate reasonably with the Disclosing Party in seeking reliable assurance that confidential treatment will be accorded the Protected Material through a protective order or other appropriate legal action. The Receiving Party shall not make disclosure until the Disclosing Party has had a reasonable opportunity to object or to resist such disclosure, if so desired, as may be permitted by law. If such protective order or other remedy is not obtained, the Receiving Party will furnish only that portion of the Protected Material which it is legally required to produce.

6. <u>Copies.</u> Should any party, counsel for any party, or any person or entity not a party to this action [other than court personnel], obtain access in this litigation to any Protected Material and make copies or duplicates of such Protected Material or any portion thereof, the confidentially designation also shall be stamped on or affixed to such copies or duplicates, and the references in this Order to Protected Material shall be deemed to include and to apply to such copies or duplicates. Additionally, should any party, counsel for any party or any person or entity not a party to this action [other than court personnel] make extracts or summaries of such Protected Material, such extracts or summaries shall be designated in accordance with this Order and shall constitute Protected Material. This Order shall apply to all such extracts and/or summaries.

7. <u>Court Reporters.</u> Each court reporter participating in any deposition ~~or hearing~~ shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter shall separately bind those portions of deposition ~~or~~

AGR

1  ~~hearing transcript~~ and related exhibits designated as "CONFIDENTIAL" or
2  "ATTORNEYS' EYES ONLY" and shall further separate into separate bound
3  deposition ~~or hearing~~ transcripts and shall thereon place the Legend on the first page
4  of each such bound transcript or exhibits.

5  8.  <u>Submissions to the Court</u>.  Before any Discovery Materials, answers to
6  interrogatories, responses to requests for admissions, deposition transcripts or other
7  documents which are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES
8  ONLY" are filed with the Court for any purpose, the party seeking to file such
9  material shall seek permission of the Court to file said material under seal. The
10 parties are encouraged to meet and confer before filing information under seal, with
11 a view to obviating the need for such filing, for example, by redaction of portions of
12 the information, or filing summaries, in lieu of copies. The parties will follow and
13 abide by applicable law, including Local Rule 79-5, with respect to filing documents
14 under seal in this Court.

15 9.  <u>Authorized Disclosure</u>.

16   a.  Discovery Material designated as "CONFIDENTIAL" shall be
17 restricted to viewing or copying by, and disclosure to, only those persons identified
18 below:

19     (i)  The parties to this action, provided that prior to such disclosure,
20          such person shall execute an undertaking in the form set forth in Exhibit
21          A;
22     (ii) Outside counsel of record for a party who are actively working
23          on this matter (presently, Blakely Sokoloff Taylor & Zafman for
24          Defendants, and Conkle, Kremer & Engel for Plaintiff);
25     (iii) The office personnel employed by the outside counsel of record
26          working under the direct supervision of said counsel;

27
28

(iv) In-house counsel of a party, or if none, outside counsel who function as such with respect to this matter;

(v) The Court and its staff;

(vi) Any deposition ~~or trial~~ witness in this action, during the course of his or her own testimony, provided that such witness prepared or received or participated in its preparation or has relevant knowledge concerning such document, provided that such witness does not retain any Protected Material, and provided that prior to such disclosure, such witness shall execute an undertaking in the form set forth in Exhibit A;

(vii) Any person which the document indicates on its face was the author, addressee, or so-called "cc" recipient thereof, provided that prior to such disclosure, such person shall execute an undertaking in the form set forth in Exhibit A;

(viii) Experts and consultants necessarily retained by outside counsel of record in this litigation, provided that prior to such disclosure, such persons shall execute an undertaking in the form set forth in Exhibit A;

(ix) Such other person as hereafter may be designated by written stipulation of the parties or by further order of the Court, provided that prior to such disclosure, such persons shall execute an undertaking in the form set forth in Exhibit A;

(x) Officers, employees, agents, independent contractors, or assistants of a party to this action, only if access is reasonably necessary to the conduct of the litigation and provided that prior to such disclosure, such person shall execute an undertaking in the form set forth in Exhibit A; and

(xi) Directors, trustees, regents, and officials of a party to this action, provided that prior to such disclosure, such persons shall execute an undertaking in the form set forth in Exhibit A.

b. Discovery Material designated as "ATTORNEYS' EYES ONLY" shall be restricted to viewing or copying by, and disclosure to, only those persons identified below:

(i) Outside counsel of record for a party who are actively working on this matter (presently, Blakely Sokoloff Taylor & Zafman for Defendants, and Conkle, Kremer & Engel for Plaintiff);

(ii) The Court and its staff;

(iii) In-house counsel of a party or, if none, outside counsel who function as such with respect to this matter.

(iv) Any deposition ~~or trial~~ witness in this action, during the course of his or her own testimony, provided that such witness prepared or received or participated in its preparation or has relevant knowledge concerning such document, provided that such witness does not retain any Protected Material, and provided that prior to such disclosure, such witness shall execute an undertaking in the form set forth in Exhibit A;

(v) Any person which the document indicates on its face was the author, addressee, or so-called "cc" recipient thereof, provided that prior to such disclosure, such person shall execute an undertaking in the form set forth in Exhibit A;

(vi) Experts and consultants necessarily retained by outside counsel of record in this litigation, provided that prior to such disclosure the identities of such experts or consultants are disclosed to the Disclosing Party, and provided that such experts or consultants shall execute an undertaking in the form set forth in Exhibit A;

     (vii) Such other person as hereafter may be designated by written stipulation of the parties or by further order of the Court, provided that prior to such disclosure, such persons shall execute an undertaking in the form set forth in Exhibit A;

   c. Unless specifically stated otherwise herein, it is not necessary that each such person identified in this Paragraph 9, sign this Order, provided that the Receiving Party has previously notified such persons of the existence of this Order, its terms, and the consequences of an unauthorized disclosure.

10. **Form of Statement.** Each person [*other than court personnel*] permitted by the parties or their counsel to have access to Protected Material shall, prior to be given such access, be provided with a copy of this Order for review and shall be required to sign the statement in the form set forth in Exhibit A agreeing to be bound by the terms of this Order. The signed statement shall be delivered to the Disclosing Party upon request. Partners and employees of Blakely, Sokoloff, Taylor and Zafman, LLP and Conkle, Kremer & Engel shall be exempt from the requirement to sign the statement set forth in Exhibit A.

[margin annotation: AGR]

11. **Continuing Effect of Order.** All parties, their counsel, and all persons agreeing to be bound by this Order will abide by all of the terms of this Order until otherwise ordered by the Court or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

12. **Modification or Termination.** Any party to this action may, at any time, request the modification or termination of this Order as to any Protected Material that such party wishes to use in a manner other than herein provided.

13. **Effectiveness Upon Execution By Counsel.** This agreement shall be deemed effective as between the parties upon execution by the undersigned stipulating counsel.

14. <u>No Admission</u>. This Agreement does not act as an admission by any Receiving Party that any Protected Material is in fact Confidential Information or Attorneys' Eyes Only Information, and each party reserves the right to challenge as improper, by motion or otherwise, the designation by the other party of such information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

15. <u>Return of Protected Material</u>. At the conclusion of this matter by lapse of all rights of appeal after entry of final judgment or any award from which no further rights of appeal exist, or by settlement of this matter, each party shall promptly return to the other party all Protected Material, and shall thereafter continue to be bound, including those persons who have agreed to be bound by the terms of this Order, to all the obligations hereunder with respect to the disclosure or dissemination of such Protected Material. The Receiving Party shall not retain any copies of Protected Material for any purpose, including archival, without the express written consent of the Disclosing Party. However for archival purposes, counsel of record of the Receiving Party may retain one copy of such Protected Material. The Receiving Party shall certify, under penalty of perjury, that to his/her/its best knowledge the originals and all other copies of Protected Material have been returned to the Disclosing Party. In furtherance thereof, this Order shall remain binding and in full force and effect, and may be enforced as such, after final disposition of this action, including all appeals and subsequent proceedings.

16. <u>Further Relief</u>. No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from this Court or another court of competent jurisdiction as may be appropriate to protect the party's interests or otherwise prepare this matter for trial.

17. <u>Miscellaneous.</u>

    a. Nothing in this Order shall be construed as requiring disclosure of privileged materials or materials subject to protection under the work product

doctrine, or materials which are otherwise beyond the permissible scope of discovery. This Order is intended to provide a mechanism for restricting the dissemination of Protected Material to which there is no objection to producing or disclosing other than as to its confidentiality.

b. Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

c. In the event that any Protected Material is disclosed, either willfully or inadvertently, by a Receiving Party in the contravention of this Order, the Disclosing Party shall take all steps reasonably required to assure its continued confidentiality and may seek additional remedies, at law and in equity, as the Disclosing Party deems appropriate.

SO STIPULATED:

Dated: June 7, 2010

Dennis G. Martin
Samuel Alberstadt members of
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP

By: _____
Dennis G. Martin
Attorneys for Defendants CVS Pharmacy, Inc. and E&M ESR, Inc.

1  Dated: June 7, 2010                William C. Conkle
2                                     Mark C. Riedel, members of
3                                     CONKLE, KREMER & ENGEL
                                      Professional Law Corporation

Dated: June 7, 2010

William C. Conkle
Mark C. Riedel, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: /s/ William C. Conkle
William C. Conkle
Attorneys for Plaintiff Moroccanoil, Inc.

IT IS SO ORDERED.

Dated: June 15, 2010

/s/ Alicia G. Rosenberg
Honorable Dolly M. Gee
United States District Judge

-14-
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCLOSURES

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 3130 Wilshire Boulevard, Suite 500, Santa Monica, California 90403-2351.

On June 14, 2010, I served true copies of the following document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCLOSURES** on the interested parties in this action as follows:

Dennis G. Martin
Samuel Alberstadt
BLAKELY SOKOLOFF TAYLOR & ZAFMAN, LLP.
12400 Wilshire Boulevard, Suite 700
Los Angeles, California 90025
Telephone: (310) 207-3800
Facsimile: (310) 820-5988

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 14, 2010, at Santa Monica, California.

_____
Julie Black